# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOHNNY BRETT GREGORY,

    Plaintiff,

vs.                                    Case No. 4:14cv60-WS/CAS

MICHAEL D. CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a federal prisoner proceeding *pro se*, currently confined in Colorado, who filed a complaint in this Court, doc. 1, seeking relief from an order entered by the Honorable J. Stephen Schuster, of the Superior Court of Cobb County, Georgia, on July 22, 2011. Plaintiff did not file an in forma pauperis motion, nor did Plaintiff pay the filing fee for this case.

The Prison Litigation Reform Act (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had at least three prior prisoner actions dismissed on the grounds that they were frivolous. Plaintiff, while confined at the U.S. Penitentiary in Marion, Illinois, initiated case number 4:07cv105 in the United States District Court for the Northern District of Georgia. The complaint was dismissed on June 18, 2007, finding that Plaintiff had "failed to state a claim for which relief may be granted." Doc. 3[1] of that case.

Plaintiff also initiated case number 4:09cv54 in the United States District Court for the Northern District of Georgia. That court found Plaintiff's complaint insufficient as a matter of law, noting that "Plaintiff previously brought a complaint in this Court virtually identical to the one at hand, which complaint the Court dismissed because Plaintiff had 'not pursued the post-deprivation remedy made available to him by state law,' and thus had 'failed to state a Fourteenth Amendment claim for relief based on the alleged deprivation of his property." Doc. 9. The Clerk was directed to administratively close that case. Doc. 9 of that case. Not satisfied, Plaintiff filed a motion for reconsideration, doc. 11, which was denied, doc. 12, and then a notice of appeal, doc. 13. The Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. Doc. 26 of that case; appellate case number 09-14131. Still not satisfied, Plaintiff returned to the District Court and continued filing additional miscellaneous motions and requests. Thereafter, several Orders were entered construing Plaintiff's requests as Rule 60 motions for relief from judgment, all of which were denied. Docs. 36, 40, and 48 of that case. Still

---

[1] The order of dismissal makes clear that Plaintiff was convicted in the Northern District of George on various drug charges and is serving a 180 month term of imprisonment in federal prison. See United States v. Gregory, 4:06cr10 (N.D. Ga. Oct. 23, 2006).

undaunted, Plaintiff filed another notice of appeal, doc. 52, and a new appellate case was opened. *See* case number 13-13639. The Eleventh Circuit found that Plaintiff's second appeal was also frivolous and it was likewise dismissed. Doc. 73 of case number 4:09cv54. Thus, Plaintiff has, on three or more occasions, had actions and appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Pursuant to § 1915(g), Plaintiff is barred from being granted in forma pauperis unless he is in danger of serious physical injury pursuant to § 1915(g), and he must pay the filing fee at the time of case initiation. Plaintiff did not pay the fee.

Although Plaintiff did not submit an in forma pauperis motion, the complaint has been reviewed to determine whether Plaintiff should be permitted to proceed under the physical injury exception of 28 U.S.C. § 1915(g). The complaint does not present such claims. The complaint is extraneous to the conditions of his confinement.[2]

Therefore, because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, and because Plaintiff did not simultaneously pay the filing fee at the time of case initiation, *see* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002), this case should be **DISMISSED**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** because Plaintiff is not entitled to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and Plaintiff did not pay the filing fee at the time of case initiation. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation

---

[2] Notably, this Court lacks jurisdiction over Plaintiff's claims and this Court may not overturn an order from a Georgia state court.

Case No. 4:14cv60-WS/CAS

direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 6, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**